**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allstate Property and Casualty Insurance Company, an Illinois Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Joy Newlin, a/k/a Joyce Newlin; Kenneth Fitschen; Hona and Jane Does I-X; Black Corporations I-X; and White Partnerships I-X.<br><br>Defendants. | No. CV13-00863-PHX DGC<br><br>**ORDER** |

Defendants have filed a motion to dismiss or, alternatively, to transfer this case to the District of New Mexico. Doc. 17. The motion is fully briefed. Doc. 19, 20. For the reasons that follow, the Court will deny the motion.[1]

**I.  Background.**

Defendant Kenneth Fitschen signed an Allstate automobile insurance policy on April 17, 2009, in Arizona. Doc. 1 at ¶ 10. The policy provided Fitschen and Defendant Joy Newlin with liability insurance coverage of $250,000 per person and $500,000 per accident. *Id.* at ¶ 13. The policy provided $100,000 per person and $300,000 per

---

[1] Plaintiff's request for oral argument is denied because the parties have briefed the relevant issues and oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b). The Court notes that the parties' briefs fail to comply with LRCiv 7.1(b)(1). The parties shall comply with this rule in all future filings.

accident for incidents involving underinsured motorists ("UIM"). *Id.* at ¶ 14.

Newlin's 2009 Mercedes Benz MI350 and 2000 Mercedes Benz S500V were covered under the policy. *Id.* at ¶¶ 16-17. The policy included a choice of law provision which stated that "all claims and disputes in any way related to this policy shall be governed by the laws of Arizona." *Id.* at 10. If an accident happened outside of Arizona, the policy provided that it "may be governed by the laws of the jurisdiction . . . only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this." *Id.* The contract also stipulated that all lawsuits under the policy must be brought either in Arizona or the jurisdiction where the accident occurred. *Id.*

Newlin was driving her 2009 Mercedes when she was in an accident in Santa Fe, New Mexico, on August 24, 2012. *Id.* at ¶ 15. Newlin incurred substantial medical bills as a result of the accident, but received only limited coverage under the policy's UIM provision. *Id.* at ¶¶ 15, 19. Allstate paid Newlin the $100,000 medical payment limit, the $100,000 UIM coverage limit, and the other party's $50,000 liability limit (the other party to the accident was also covered by Allstate). *Id.* at ¶¶ 20-21; Doc. 17 at 2.

Newlin notified Allstate that New Mexico law allowed UIM insurance to be "stacked" because she paid separate premiums for each of her cars. Doc 17 at 3. Allstate said it needed time to research New Mexico law, but then filed this action under A.R.S. § 12-1831, requesting a declaratory judgment that Allstate owes nothing more than the money already tendered. Doc. 1 at ¶¶ 31, 33, 36; Doc. 20 at 2. In response, Newlin filed a claim in New Mexico state court asking that UIM coverage be "stacked." Doc. 17 at 4. Allstate removed the New Mexico action to federal court, where it remains. *Id.*

**II.  Defendants' motions.**

    **A.  Motion to dismiss.**

Defendants assert that there is no subject matter jurisdiction because Plaintiff's claim is not brought under federal law (Doc. 17 at 1, 4), but Defendants fail to account for diversity jurisdiction. Federal courts have subject matter jurisdiction when the matter in controversy exceeds $75,000 and the parties have diverse citizenship. 28 U.S.C.

§ 1332(a). A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In this case, the disputed sum exceeds $75,000, Plaintiff's state of incorporation and principal place of business are in Illinois, and Defendants are citizens of New Mexico or Arizona. Doc. 19 at 4-5. The Court therefore has subject matter jurisdiction.[2]

Defendants also argue that federal courts have discretion to dismiss declaratory judgments under 28 U.S.C. § 2201(a) (Doc. 17 at 5), but Allstate has brought this action under the Arizona declaratory judgment statute, A.R.S § 12–1832. Doc. 1 at ¶ 31. Defendants cite no authority to suggest that courts have discretion to dismiss declaratory judgment actions under this statute.

"[A] declaratory judgment must be based on an actual controversy which must be real and not theoretical." *Planned Parenthood Center of Tucson, Inc. v. Marks*, 497 P.2d 534, 536 (Ariz. Ct. App. 1972). An actual controversy exists in this case because a ruling on the declaratory judgment claim or on a counterclaim by Defendants will decide the parties' rights and financial obligations under the policy. *See id.* ("A 'justiciable controversy' arises where adverse claims are asserted upon present existing facts, which have ripened for judicial determination.") (citation omitted).[3]

### B. Motion to transfer.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of

---

[2] The Court need not determine whether Newlin is a citizen of New Mexico or Arizona because complete diversity is assured in either instance.

[3] Defendants assert in their reply brief that the anticipatory suit exception to the first-to-file rule applies and requires dismissal. Doc. 20 at 4-6. The Court will not consider arguments made for the first time in a reply brief. *See Bach v. Forever Living Prods. U.S., Inc.,* 473 F.Supp.2d 1110, 1122 n. 6 (W.D. Wash.2007); *Gadda v. State Bar of Cal.,* 511 F.3d 933, 937 n. 2 (9th Cir. 2007).

1  convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Ninth Circuit provides a list of non-exclusive factors to consider: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigating in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Id.* at 498-99. Defendants have the burden of showing that transfer is appropriate. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–256 (1981). Defendants "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Defendants argue that Newlin will be inconvenienced by litigation in Arizona. Doc. 20-3 at 15. They also argue that because New Mexico law allows for the "stacking" of UIM insurance, the case should be transferred to New Mexico. Doc. 17 at 6.

The Court concludes that the factors identified by the Ninth Circuit weigh against transfer. The insurance policy was signed in Arizona. Plaintiff chose Arizona as the forum state. All parties have significant contact with Arizona – Newlin may now reside in New Mexico, but she still registers her cars in Arizona and has an Arizona driver's license. Doc. 20-3 at 17-18; Doc. 1 at ¶ 11; Doc. 19 at 2. Allstate's cause of action arises from a policy executed in Arizona. As the dispute in this case appears to be limited – whether Arizona or New Mexico law governs the UIM coverage – there is no indication that selecting Arizona as the forum state will increase the costs of litigation. Nor have Defendants shown that litigation in Arizona will affect the availability of non-party witnesses or access to other sources of proof. Even with the choice of law issue undecided, a majority of the relevant factors weigh against transfer. Defendants have not made the required "strong showing" of inconvenience, and the Court therefore will deny their request to transfer under § 1404(a).

**IT IS ORDERED** that the motion to dismiss or transfer (Doc. 17) is **denied**.

Dated this 22nd day of July, 2013.

*David G. Campbell*
———————————————————
David G. Campbell
United States District Judge